IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>v. )<br>)<br>RIGOBERTO WILSON-GARCIA, )<br>)<br>) | Civil No. 10-146 Erie<br>Criminal No. 06-55 Erie<br>Judge Sean J. McLaughlin |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Defendant Rigoberto Wilson-Garcia's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255. In his motion, Wilson-Garcia primarily alleges that his trial and appellate counsel provided him with ineffective assistance. For the reasons which follow, the motion will be dismissed.

**I.   BACKGROUND**

On March 24, 2006, Wilson-Garcia was serving a sentence at the McKean Federal Correction Institution in Bradford, Pennsylvania when he was involved in an altercation with a fellow inmate, Benjamin Harris. Several officers of the Federal Bureau of Prisons, including Officer James Knight and Officer Jeff Labesky, intervened to break up the fight. At some point during the altercation, Wilson-Garcia injured Officer Knight and Officer Labesky with a pair of scissors that he had been using as a weapon during the altercation and which he continued to swing wildly while he was being restrained.

On July 11, 2007, a federal grand jury charged Wilson-Garcia with two counts of assault on two officers of the Federal Bureau of Prisons, while engaged in the performance of their duties, in violation of 18 U.S.C. §§ 111(a)(1) and (b). At trial, Wilson-Garcia was represented by Assistant Public Defender Thomas Patton. Wilson-Garcia's defense was that he lacked any intent to injure the officers, but rather,

was fighting for his life against an armed inmate and was acting in self-defense. Wilson-Garcia argued that, while in the midst of the altercation, he had no way to know whether the person attempting to subdue him was a corrections officer or another inmate jumping into the fray.

Following the close of evidence, the jury deliberated for approximately three hours before sending the following note to the Court: "Dead locked. Define number five. The forcible assault, resistance, opposition, impedance, intimidation, or forcible interference, was done voluntarily and by Garcia." (Trial Transcript, 8/7/07, p. 85). After conferring with counsel for both parties, the Court answered the jury's question by rereading the portion of the charge defining "intent." The jury eventually found Wilson-Garcia guilty of assaulting Officer Knight (Count 1) but acquitted with respect to Officer Labesky (Count 2). On November 5, 2007, Wilson-Garcia was sentenced to 150 months imprisonment.

On appeal, Wilson-Garcia, represented by Assistant Public Defender Candace Cain, argued that the instructions given to the jury with respect to self-defense and intent were in error. The Third Circuit affirmed the conviction after determining that the jury instructions given where the precise instructions requested by Wilson-Garcia and, as such, any error in those instructions was "invited error" that cannot form the basis for a reversal. U.S. v. Wilson-Garcia, 309 Fed. Appx. 633 (3rd Cir. 2009). Wilson-Garcia's petition for writ of *certiorari* was denied by the Supreme Court on June 15, 2009.

On June 14, 2010, Wilson-Garcia filed the instant *pro se* motion to vacate judgment. The government has filed a brief in opposition and Wilson-Garcia has filed a reply brief. As such, this matter is ripe for review.

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of

the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. When a motion is made pursuant to 28 U.S.C. § 2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion, the court must accept the truth of the petitioner's factual allegations unless they are clearly frivolous on the basis of the existing record. United States v. Day, 969 F.2d 39, 41-42 (3rd Cir. 1992). Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the petitioner is not entitled to relief. Id.

Here, a limited evidentiary hearing was held on January 3, 2012 concerning Wilson-Garcia's allegation that his counsel had violated his attorney-client privilege by revealing incriminating facts to the prosecution immediately prior to closing arguments at his trial. With respect Wilson-Garcia's remaining claims for relief, upon consideration of his petition, the government's response thereto, and the pleadings and documents of record, I conclude that no hearing is warranted.

### III. DISCUSSION

In his motion, Wilson-Garcia raises several prospective grounds for relief including: (1) trial counsel's failure to object to improper jury instructions concerning self-defense and intent; (2) appellate counsel's failure to raise ineffective assistance of trial counsel with respect to the aforementioned jury instructions on appeal; (3) trial counsel's failure to object to the court's proposed answer to a question from the jury during deliberations in his trial; and 4) an alleged violation of his attorney-client privilege by trial counsel and the government. Each is considered in turn.

#### A. Ineffective Assistance of Trial Counsel - Jury Instructions

In order to demonstrate ineffective assistance of counsel, Wilson-Garcia must satisfy the Supreme Court's two-pronged test as set forth in Strickland v. Washington, 466 U.S. 668 (1984). This test requires him to demonstrate (i) that defense counsel's performance fell "below an objective standard of reasonableness," thus rendering the

assistance so deficient that the attorney did not function as "counsel" as the Sixth Amendment guarantees, see id. at 687-88, and (ii) that counsel's ineffectiveness prejudiced the defense such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See id. at 694. See also Flamer v. State of Delaware, 68 F.3d 710, 727-28 (3rd Cir. 1995). A "reasonable probability" is a probability "sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In explaining the defendant's burden under "prong one" of this test, the Supreme Court has admonished that "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689. Under the second prong, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Accordingly, "an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." Id.

Here, Wilson-Garcia argues that his trial counsel provided ineffective assistance with respect to two separate instructions that were given to the jury following his trial. First Wilson-Garcia contends that his counsel erred in requesting the following jury instruction on self-defense:

> In regard to the crime of forcible assault upon James Knight as alleged in count one of the indictment, the defendant, Rigoberto Wilson-Garcia, asserts that he was acting in self-defense.
> If Mr. Wilson-Garcia did not know the official status of the person assaulted and if Mr. Wilson-Garcia honestly believed that he was being attacked, Mr. Wilson-Garcia would be allowed to use reasonable force to defend himself. Mr. Wilson-Garcia,

> however, may not use more force than is necessary to defend himself.
>
> The government may answer this defense and sustain its burden of proof for the crime of forcible assault on a federal officer, if, in addition to proving the five essential elements of the offense charged as previously given to you, the government also proves, beyond a reasonable doubt, one of the following two propositions:
>
> One, at the time of the conduct charged in counts one of the indictment, Mr. Wilson-Garcia actually knew that the individual identified in the indictment as a federal officer was a government officer, or
>
> Two, the force used by Mr. Wilson-Garcia was excessive and would not have been justified even if the person identified in the indictment as a federal official was a private citizen and not a federal officer.
>
> The government must prove beyond a reasonable doubt that the defendant did not act in lawful self-defense.

(Transcript, p. 75). As noted above, Wilson-Garcia was charged with violating 18 U.S.C. § 111, which states that whoever "forcibly assaults, resists, opposes, impedes, intimidates, or interferes" with a federal officer engaged in the performance of official duties is guilty of assault. 18 U.S.C. § 111(a)(1). Invoking the specific language of the statute, Wilson-Garcia contends that the self-defense instruction submitted by trial counsel (and ultimately given to the jury) was erroneous because it failed to specify that self-defense could apply to forcible resistance, opposition, impedence, intimidation or interference, rather than just to the forcible assault aspect of the charged crime.

The jury instruction challenged by Wilson-Garcia is substantively identical to the standard model jury instruction applicable to an assertion of "lawful self-defense" with respect to an 18 U.S.C. § 111 charge of forcible assault on a federal officer. The model instruction reads as follows:

> In regard to the crime of forcible assault upon a federal officer as alleged in Count ___ of the indictment, Defendant _____



> asserts that *[he] [she]* was acting in self-defense.
> If Defendant _____ did not know the official status of the person assaulted and if Defendant _____ honestly believed that *[he] [she]* was being attacked, Defendant _____ would be allowed to use reasonable force to defend *[himself] [herself]*. Defendant _____, however, may not use more force than is necessary to defend *[himself] [herself]*.
> The government may answer this defense and sustain its burden of proof for the crime of forcible assault on a federal officer, if, in addition to proving the *[four] [five]* essential elements of the offense charged as previously given to you, the government also proves, beyond a reasonable doubt, one (1) of the following two (2) propositions:
> One, at the time of the conduct charged in Count _____ of the indictment, Defendant _____ actually knew that the individual identified in the indictment as a federal officer or employee was a government officer or employee, or
> Two, the force used by Defendant _____ was excessive and would not have been justified even if the person identified in the indictment as a federal official or employee was a private citizen and not a federal officer or employee.
> The government must prove beyond a reasonable doubt that the defendant did not act in lawful self-defense.

2 Federal Jury Practice and Instructions, § 24:12. It is axiomatic that "trial judges should use the model jury instructions when applicable." Brown v. Greene, 577 F.3d 107, 113 (2nd Cir. 2009). As such, trial counsel's reliance on the model jury instruction applicable to the precise criminal charge and defense asserted by defendant cannot be said to fall below an objective standard of reasonableness. See Smith v. McKee, 598 F.3d 374, 384 (7th Cir. 2010) ("Defense counsel did not act in an objectively unreasonable manner by not objecting to the use of an applicable pattern jury instruction."); United States v. Fuchs, 467 F.3d 889, 910 (5th Cir. 2006) (holding that counsel's failure to object to a jury instruction based on the appropriate pattern instruction was not unreasonable); United States v. Monigan, 128 F.3d 609, 612 (7th Cir.

1997) (finding that trial counsel is not ineffective for failing to request a jury instruction that is not supported by the appropriate pattern jury instructions); United States v. Johnson, 2011 WL 3208029, *8 (S.D. Miss. 2011) (counsel is not ineffective for failing to object to jury instructions that constitute "a correct statement of the law, such as . . . pattern instructions"); Williams v. United States, 2010 WL 2787825, *4 (W.D. La. 2010) (trial counsel had no grounds for objecting to the inclusion of an accurate pattern jury instruction); Johnson v. United States, 2009 WL 2149946, *11 (N.D. Miss. 2009) (counsel's decision not to object to a jury instruction which correctly stated the law was an example of effective representation); Whitehead v. United States, 2011 WL 676944 (E.D. Mo. 2011) (counsel was not ineffective for failing to object to model jury instructions because the objections would be futile).  Rather, reliance on accurate model jury instructions is exactly the kind of conduct one would expect from a competent attorney.  Wilson-Garcia has cited no caselaw in support of the proposition that counsel, and ultimately this court, should have rejected the appropriate model jury instruction in favor of an expanded instruction of his own creation.

Wilson-Garcia similarly contends that trial counsel was ineffective for proposing (or failing to object to) the jury instruction ultimately given to the jury with respect to the definition of intent.   The relevant instruction stated as follows:

> The offenses of forcibly assaulting certain officers or employees charged in the indictment require that the government prove that Mr. Wilson-Garcia acted "intentionally" with respect to an element of the offense.  This means that the government must prove beyond a reasonable doubt either that (1) it was Mr. Wilson-Garcia's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) Mr. Wilson-Garcia knew that he was acting in that way or would be practically certain to cause that result.

> In deciding whether Mr. Wilson-Garcia acted "intentionally," you may consider evidence about what Mr. Wilson-Garcia said, what Mr. Wilson-Garcia did and failed to do, how Mr. Wilson-Garcia acted, and all the other facts and circumstances shown by the evidence that may prove what was in Mr. Wilson-Garcia's mind at that time.

(Transcript, p. 74). Once again, the instruction proposed by trial counsel and given at Wilson-Garcia's trial was based entirely upon the applicable model instruction. See Third Circuit Model Criminal Jury Instructions § 5.03. As noted above, counsel's reliance on the appropriate model jury instructions does not constitute ineffective representation. See, e.g., McKee, 598 F.3d at 384; Fuchs, 467 F.3d at 910; Johnson, 2011 WL 3208029, *8.

Wilson-Garcia argues that the intent instruction was deficient because, in his view, the government was required to prove that he specifically intended to cause bodily injury to Officer Knight. However, every court which has considered 18 U.S.C. § 111 has concluded that it is a general intent statute and, as such, the government "is not required to establish that the defendant was aware that his intended victim was a federal officer or that the defendant intended to injure that officer." United States v. Woody, 55 F.3d 1257, 1266 (7th Cir. 1995); United States v. Gaither, 533 F.Supp.2d 540, 547 n. 13 (recognizing that 18 U.S.C. § 111 is a "general intent statute"). Rather, the government only had to prove that Wilson-Garcia intended to commit the act which constituted a forcible assault. See, e.g., Woody, 55 F.3d at 1266; United States v. Moore, 997 F.2d 30, 35 (5th Cir. 1993) (holding that "[n]o proof of intent to injure or knowledge that the victim is a federal officer is needed" to establish a violation of 18 U.S.C. § 111); United States v. Sanchez, 914 F.2d 1355, 1358 (9th Cir. 1990) (upholding

an instruction on general intent relative to 18 U.S.C. § 111 because "no intent to injure is required for the offense of assaulting a federal officer."). The jury instruction proposed by trial counsel and ultimately given to the jury accurately described the requisite intent for the crime of forcible assault of a federal officer. Consequently, trial counsel's failure to object to the instruction was not unreasonable.[1]

### B. Ineffective Assistance of Trial Counsel – Jury Question

Wilson-Garcia next contends that his trial counsel rendered ineffective assistance by failing to object to the Court's proposed response to a question from the jury regarding the elements of forcible assault. As described above, the record demonstrates that the jury transmitted a note to the court following several hours of deliberation in which it stated: "Dead locked. Define number five. The forcible assault, resistance, opposition, impedance, intimidation, or forcible interference, was done voluntarily and by Garcia." (Transcript, 8/7/07, p. 85). After conferring with counsel for both parties, the Court interpreted the jury's question as a request to clarify the fifth element of the crime of forcible assault concerning intent. The Court, after further consultation with counsel, addressed the question by rereading to the jury the portion of the charge defining intent. (Transcript, 8/7/07, pp. 85-86).

Wilson-Garcia contends that trial counsel should have objected to the Court's response to the jury question because, in his view, it was based on a "flawed jury instruction that they were clearly seeking to have clarified." (Petition, p. 5). In essence, Wilson-Garcia is arguing once more that the jury should have been charged on specific intent, rather than general intent, with respect to the fifth element of 18

---

1   Wilson-Garcia's argument that trial counsel failed to object to incorrect statements made by the prosecution during closing arguments with respect to intent is rejected on this same basis. The statements by the prosecutor accurately reflected that 18 U.S.C. § 111 is a general intent statute, rather than a specific intent statute. Trial counsel is not ineffective for failing to object to accurate statements of the law.

U.S.C. § 111. However, as discussed above, it is well-settled that the crime of forcible assault on a federal officer is a general intent crime. Woody, 55 F.3d at 1266; Moore, 997 F.2d at 35; Sanchez, 914 F.2d at 1358. Counsel's decision not to object to the Court's recitation of an accurate statement of applicable law in response to a question from the jury was not unreasonable.

### C. Attorney-Client Privilege

According to Wilson-Garcia, during a recess prior to closing arguments, trial counsel informed the prosecutor that Wilson-Garcia had the scissors that he used to injure Officer Knight hidden on his person at the time that he was initially attacked. Wilson Garcia contends that this allowed the prosecutor to argue to the jury during closing arguments that Wilson-Garcia was as much the aggressor as the other inmate, undercutting his assertion of self-defense. Wilson-Garcia asserts that this disclosure violated his attorney-client privilege and constituted ineffective assistance of counsel.

An evidentiary hearing was held on January 3, 2012 at which Wilson-Garcia testified in support of his allegation that trial counsel had violated his attorney-client privilege. At the conclusion of the hearing, I made the following findings of fact on the record:

> Having carefully observed Mr. Wilson-Garcia's demeanor and having considered the substance of his testimony, I do not find him credible. Specifically, Mr. Wilson-Garcia admitted on cross-examination that in fact he doesn't know, once the two counsel went through the courtroom doors in the back, where they went or much less what they discussed.
>
> The evidence also reflects that Mr. Wilson-Garcia remained in the courtroom when Mr. Patton and Mr. Trabold left, so there is no way he would have known whether they ever met or for that matter what if anything was discussed. His testimony, in short, is nothing less than incredible and it is completely speculative. And

as I indicated earlier, not credible in the least.

(Transcript, Evidentiary Hearing, 1/3/12, pp. 12-13). After concluding that no credible evidence supported Wilson-Garcia's allegations, I denied Wilson-Garcia's petition with respect to this particular claim for the reasons stated on the record.

### D. Ineffective Assistance of Appellate Counsel

Finally, Wilson-Garcia asserts that his appellate counsel was ineffective for failing to raise each of the aforementioned alleged errors. To establish that appellate counsel was constitutionally ineffective, a defendant "must show that counsel's performance was objectively unreasonable, and that there is a reasonable probability that the outcome of his appeal would have been different if counsel had raised the claim." Chambers v. Bowersox, 157 F.3d 560, 566 (3rd Cir. 1998).

Each of Wilson-Garcia's allegations of ineffective assistance of appellate counsel is based upon appellate counsel's failure to raise the ineffective assistance of trial counsel claims set forth herein. However, it is well-settled that allegations of ineffective assistance of trial counsel are best considered on collateral review rather than on direct appeal so that the claims may be evaluated on a fully developed record. Massaro v. United States, 538 U.S. 500 (2003) (holding that it is preferable that claims of ineffective assistance of trial counsel be considered on collateral review); United States v. Thornton, 327 F.3d 268, 271-72 (3rd Cir. 2003) ("It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack.") (citing United States v. Haywood, 155 F.3d 674, 678 (3rd Cir. 1998)). Wilson-Garcia has suffered no prejudice from appellate counsel's failure to raise those claims on direct appeal because they have been fully considered by way of the instant § 2255 motion.

See Thornton, 327 F.3d at 271-72; United States v. Mangiardi, 173 F.Supp.2d 292, 317 (M.D. Pa. 2001) (defendant not prejudiced by appellate counsel's failure to raise ineffective assistance of trial counsel claims because such claims may be reviewed in a motion pursuant to § 2255). As such, his allegation of ineffective assistance of appellate counsel is rejected.

Moreover, as discussed above, each of the errors alleged by Wilson-Garcia in the instant motion are without merit. It is well established that appellate counsel does not act ineffectively by failing to raise meritless arguments on appeal. See, e.g., United States v. Sanders, 165 F.3d 248, 253 (3rd Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument."); United States v. Jackson, 2010 WL 1688543, *8 (E.D. Pa. 2010) ("Under Strickland, Jackson's appellate counsel cannot be ineffective for failing to raise a meritless issue on appeal."); see also Strickland, 466 U.S. at 691 (failure of counsel to pursue fruitless claims "may not later be challenged as unreasonable").

## IV. CONCLUSION

For the reasons stated herein, Wilson-Garcia's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is dismissed. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>vi. )<br>)<br>RIGOBERTO WILSON-GARCIA, )<br>)<br>) | Civil No. 10-146 Erie<br>Criminal No. 06-55 Erie<br>Judge Sean J. McLaughlin |

**ORDER**

AND NOW, this 24th day of January, 2012, for the reasons set forth above, it is hereby ORDERED that Petitioner's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c), Petitioner has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability.

/s/ - Sean J. McLaughlin
United States District Judge

cm:   All parties of record.